Thank you. Please be seated. We are ready for argument in our third case. Mr. Diaz. Luis Carlos Diaz Good morning, Your Honors, and may it please the Court. My name is Luis Carlos Diaz for the appellant, Jason Uribe, representing Appellant Pro Bono Publico. We are here today because on March 17, 2015, the Board of Immigration Appeals upheld the Baltimore Immigration Court's determination that Mr. Uribe is deportable from the United States based on his conviction for Maryland third-degree burglary because it constitutes a crime involving moral turpitude. We are here today because we believe that that decision was made in error because of the reliance specifically, primarily because of the reliance on matter of luisant. It does not control the present case as the Florida that the Maryland third-degree burglary statute does not. Second, the traditional interpretation of burglary offenses under the Board of Immigration Appeals is to require that in burglary cases the underlying offense involve moral turpitude, not merely the breaking and entering, but what offense is committed after the breaking and entering therein. Third, this is an issue of first impression presented to this Court. The Maryland burglary third-degree statute has never been presented as a crime involving moral turpitude and there is no controlling BIA precedent. Therefore, we are requesting that this Honorable Court do what the Board of Immigration Appeals and Immigration Court did not do, which is to correctly apply the categorical approach to determine that this statute is categorically not a crime involving moral turpitude. I will begin today by discussing the errors in relying on matter of luisant. The Florida burglary statute in matter of luisant is a divisible statute that one subsection of it, the subsection that constituted the conviction of the individual in that case requires that at the time of the breaking and entering, the dwelling is occupied. And for that reason, a lot of the language in that decision and the subsequent decision by the Immigration Court and the Board of Immigration Appeals invokes questions of privacy, invokes questions of potential confrontations between the individual burglarizing the dwelling and the person occupying the dwelling at the time of the breaking and entering. That concern is not a part of the Maryland third degree burglary statute. Maryland burglary third degree merely requires that, it's defined as breaking and entering a dwelling with the intent to commit a crime. Nothing more, nothing less. And for that reason, to engage in the factual kind of considerations that the government and the Board of Immigration Appeals engage in, which is to find the most culpable conduct, creates exactly what the categorical approach is intended to protect against. So the... In your view, what breaking and entering of a dwelling would not constitute a crime of moral turpitude? I think the Maryland statute is the perfect example. Breaking and entering with the intent to commit a crime and a generalized crime. No, no, dwelling. And I'm just asking you factually. Yeah. Would or would not? What would, what would not constitute a crime of moral turpitude in your view? Perfect. The Maryland courts provide several examples. One of those examples I think would be a vacation home that is, say a summer home on the eastern shore that throughout the months of September, let's say October, October to March or April is not occupied in and there's no habitants, there's no habitation in that home during that period. Well, would a burglar have any reason necessarily to know that? And would that address the instance in which a neighbor might suspect burglary and might be alarmed and might call police with ensuing confrontation? That assumes, that assumes a lot, doesn't it? So that's really why I'm asking about the dwelling and I'm not sure that the vacation home gets you there. Okay. Well, another example would be a home that is in between tenants. The Maryland courts have provided an example. Let me ask you about the vacation home. I'm looking at the Court of Appeals of Maryland decision in McKinsey from 2008 and it says that once a dwelling, however, the structure does not lose its character as a dwelling simply because it is left vacant for a time. The length of vacancy does not of itself disturb the character of the place as a dwelling. That would seem to contradict your argument on the vacation home. I believe it does not. I believe the distinction that I'm making is that, yes, the Maryland courts have defined dwelling in a very loose definition, which is exactly the issue when it comes to applying the categorical approach. So you are, but the categorical approach involving a building perhaps, I'm staying with the dwelling. Okay. And the vacation home presents the scenario that I suggested, does it not? It does, Your Honor. Even an apartment, for example, an apartment between tenants or occupants presents the same potential, does it not? Correct, Your Honor. And I think, I apologize, I didn't have an opportunity to respond to this previously, but the potential for conflict and the potential for confrontation with the owner, the tenant, the police, the neighbor is not an element of a crime involving moral turpitude. And that's where the Louisant analysis is misplaced. Because if that were the case, then something like trespass could certainly result in Trespass doesn't have to be a dwelling, does it? It does not. But if the analysis is hinged on whether confrontation could occur from the alleged crime, then something like trespass would certainly result in a police officer showing up or a neighbor seeing something. And that would, under that analysis, it would be misplaced because that would then conclude that trespass would be a crime involving moral turpitude because it could result in confrontation. But that's what makes the difference between burglary and trespass. There is a statutory distinction. It does in certain instances. And I think in Louisant, the board itself addresses the matter of M, which continues to be good law and has never been overturned by a BIA decision or a circuit court decision. So matter of M is the original case law that creates the idea that for a burglary offense to be a crime involving moral turpitude, the underlying offense must involve morally turpitudinous conduct. What occurs in Louisant is that the court is confronted with a statute that does not specifically fit within that mold of the New York statute in matter of M. So the court is tasked with, well, we have a statute here that requires this additional element of occupancy, occupied dwelling. So the conversation is not how a dwelling is defined. It's whether the state statute has an element of occupancy. And occupancy in the Florida statute is very strictly defined as that an individual is committing a crime of the breaking and entering. Conversely, the Florida statute has a parallel statute that is breaking and entering a dwelling with the intent to commit a crime. And for that reason, in this case where Maryland, the Maryland legislator has decided to create a burglary statute with varying degrees and a statute in which first degree burglary in Maryland is breaking and entering a dwelling with the intent to commit a theft or a felony. And we have a third degree statute that Maryland does not need to look far to see other examples of statutes like the Florida statute, like say the Arizona statute, and say, you know what, we're going to make occupancy an important part of our burglary statute. And it's chosen not to do so. And for the government then to use that Maryland burglary third degree statute and compare it to state statutes that their state legislator has purposefully included an element of occupancy and then point at the very specific factual situations that benefit the government's position and say, well, you know, there could be a situation where somebody is home and this could happen and there could be confrontation, that would certainly be morally turpitudinous conduct. I don't disagree with that. The problem is that that's not the only type of factual scenario that exists under the Maryland burglary third degree statute. And I completely agree with you, which is why I started by asking you what's the least  culpable conduct in your view. That doesn't work, because as I understand it, moral turpitude necessarily involves culpable mental intent, which is not the case in trespass. So that was sort of why I started, because I understand specifically what you're saying, that we could, so we should take the least culpable conduct in your view. Your Honor, I think part of what should be considered by this court and what was maybe not considered with enough weight in the lower courts was also how a dwelling is defined. Not only the vacation home or the home in between tenants, but that it could be a boat home, that it could be a motor home, it could be a vehicle. And those concerns of, the government presents an argument that burglary is always an invasion of privacy. And certainly I agree that the home is a sacred place, but that's exactly what makes the Florida statute so different, that it ensures and guarantees that in that situation the invasion of a sacred and private home has taken place because of the occupancy element. So are you saying as a matter of law there's no privacy element unless there's an actual occupancy? No, I would not go, I would not leap that far. I think... Tell us how far would you get? I would go as far as, I think where the government and Mr. Arebe and I differ is a situation where the government's brief presents a statute that at minimum requires, is a situation where during the day somebody has gone to work and the house is empty and therefore unoccupied at the time of the breaking and entering. However, that person returns home and sees you know, a burglarized home and certainly should feel that their home has been invaded and there has been an invasion of privacy. However, that's not the least culpable conduct of the Maryland statute. Okay, well give us a factual scenario that would not involve moral turpitude and yet constitute a conviction under the Maryland third degree burglary statute. McKenzie v. State. I rest on McKenzie v. State and I believe that McKenzie v. State, because it does not require occupancy, does not invade privacy and there is no... Are you saying that that's what that case held? Yes, I believe that the Maryland courts have said firmly that in situations where a suitable home for living is not being lived in, that that is burglary and I do not agree that in that situation where a home is not lived in and a home is in between owners should be considered a crime involving moral turpitude. Unless you accept that moral turpitudinous conduct is contingent on the possibility of either confrontation with law enforcement or with neighbors or with somebody that happens to see the crime being committed. You do realize that that's not what... That McKenzie says that the term dwelling retains its judicially determined meaning if it's a place used regularly as a place to sleep regardless of whether it's temporarily unoccupied. The question is whether it remains suitable for occupancy. Yes. I believe a home for sale would fall within that. I will... I see that I'm running short on time. If you want to finish your response to Judge Agee or... I don't recall that question. I'm sorry. I received a few other questions. I think he's answered. Okay. I have 20 seconds. I'll reserve it for the... You have some time reserved for rebuttal. Thank you very much. Ms. Daubert? Good morning, Your Honors. May it please the Court, Jessica Daubert for the Attorney General. This Court should deny the petition for review because petitioner is removable because he was convicted of two crimes involving moral turpitude. Under Maryland 6204, the intent to break and enter a dwelling with criminal intent is contrary to the accepted rules of morality and societal duties, and it is thus a crime involving moral turpitude. I'll jump straight to the matter of Louisant issue and regarding the occupancy requirement of that case because the government does believe that this Court should grant Chevron deference to that case. In matter of Louisant, the Court... The Board of Immigration Appeals considered the Florida burglary statute, which contains that occupied element. However, that occupied element is essentially an element without distinction for this case. Nowhere in the Florida statute does that occupied element include its own intent. Therefore, to violate that section of the Florida law, the burglar does not need to know that the dwelling is occupied, does not need to intend for that dwelling to be occupied. It just needs to be occupied. In fact... What about the new home example? The new home example, like burglary of a new home? Before it's been occupied. Before it's been occupied. Well, if it's suitable, if it falls within the Maryland definition of a dwelling, meaning suitable for occupancy, intended to be a place for people to sleep and reside and contain their personal belongings, then that would constitute a dwelling, and it would retain the same privacy protections as any other unoccupied home in between tenants. That does go beyond what the statute, the Florida statute, would have provided for in the Louisant case. That would go beyond what the Florida statute provides for, but it would still nevertheless involve morally turpitude and misconduct. The burglar intends to enter a house or a dwelling that is meant to use to protect an individual as a place to sleep, a place to privacy interests in, and intend to keep those interests. It would also involve the concerns that the courts addressed with third parties coming to investigate a potential burglary, particularly if it's a new house that no one's moved into. I would imagine that seeing someone else enter that house before someone moved in would cause someone to call the police and invoke a response from the authorities. Therefore, I believe that the occupied prong of the Florida statute is a distinction without meaning in this case. I also believe that this Court need not follow the matter of M line of reasoning regarding the underlying intent and the underlying criminal prong. The statute of matter of M is vastly different than the statute in this case. That statute punished breaking and entering buildings, unoccupied rooms, or any parts of buildings. It is a very divisible statute, and matter of M was issued in 1946, long before the categorical and modified categorical approaches. Following the requirement that the underlying ulterior crime must also be morally turpitudinous does not need to be applied in this case. In this case, we have a very clear, indivisible statute that protects a dwelling, which is a sacred building and space. And it is that breaking and entering of the dwelling that is the morally turpitudinous conduct. My only other comments, Your Honor, are about the least culpable conduct. Although you haven't asked me the question, I will go ahead and answer it, in that I believe that actually Hobby v. State, which is a Maryland case that's cited in our briefs, it's a 2014 case, would demonstrate the least culpable conduct. And in that case, it's a former owner of a house that sold the house to the bank, where the bank foreclosed upon the house. And the breaking and entering occurred after that former owner had moved out and a new person had moved in. And the house was empty for eight months in between. And the Maryland court found that it never lost its suitability for occupancy. It was still a breaking and entering. It was still burglary, even though it was a former owner that entered the house. And I believe that that still involves morally turpitudinous conduct. Even though it's someone that once had a property interest in that house, and it used to be that person's dwelling, that person still had the intent to break and enter somebody else's dwelling, what no longer belonged to him. Break and enter someone else's dwelling with a criminal intent to create a crime, to do some sort of crime within that dwelling. And it was no longer his own protected space. So I believe even that conduct would constitute a crime involving moral turpitude. Thank you. If the court has no further questions, I'll yield my time. Thank you. Greetings again, Your Honors. I guess my reaction would be, is the government in its brief and today has not identified why matter of M, breaking and entering with the intent to commit a crime, is not more similar to the Maryland statute than the Florida statute, which requires an additional element of occupancy. I disagree that Luisant should be given Chevron deference because Luisant does not interpret the Maryland statute. And we have clearly identified a federal statute. I would like to bring to the court's attention where this language of the potential for confrontation with a police officer or with a third party comes from. And matter of Luisant pulls that language from U.S. v. James, a Supreme Court decision that relates to the ACCA, and a specific provision there in which the Supreme Court was tasked with figuring out if a burglary statute could result in potential risk of physical harm, which is a very different concern than what a crime involving moral turpitude and what considerations a reviewing court should take in deciding whether something is a crime involving moral turpitude. With respect to McKenzie, I think the issue, the most pertinent issue, is that McKenzie said, the situation that I think I would like this court to consider is that situation in which a home suitable for dwelling is on the market, has not been sold, and has been on the market for a period of up to eight months. Maryland would be doing itself a disfavor if it permitted the breaking and entering of that home to not be considered burglary because the defense would raise, well, nobody lived there, and it was empty for a certain amount of time, and even though it retained its element of being a place suitable for living, the person walks off the hook for burglary. We are not determining whether burglary should be expansive or less expansive when it comes to how the Maryland courts convict it. We are determining whether when a conviction for Maryland third degree burglary is presented before the immigration court or the Board of Immigration Appeals, whether it should be considered a crime involving moral turpitude. That specific issue of vacancy, of occupancy, of how long the home has been on the market goes completely at odds with the Florida statute, which ensures that somebody is living at the home. Why would the dictates of the Florida statute control a case in another state? Why would the dictates of that particular Florida statute control the determination under the law of another state? I don't believe they should, and I believe that's the error that the government has and the Board of Immigration Appeals has committed in using the matter of Louisant analysis to conclude that Maryland burglary third degree is a crime involving moral turpitude. The last thing that I would like to bring to the Court's attention is my last submission, the 28J letter, in which the Board of Immigration Appeals, albeit in an unpublished decision, has agreed with our analysis that Maryland burglary third degree is not a crime involving moral turpitude. Now certainly that case is not controlling. If it were, I'd be back at the Board of Immigration Appeals, but I do think it's important to note that this is not an argument that is being pulled out of left field that has no roots and no grounding in legal analysis, and legal analysis that the Board has accepted, and had Mr. Uribe been before that specific panel member, maybe we wouldn't be here today. But this is why this decision is so important, because of the inconsistency that is currently happening at the immigration court level and at the BIA level, and why the Fourth Circuit is so important in holding that Maryland burglary third degree, which is a very generalized form of burglary with the break-in entering with the intent to commit a crime, nothing more, nothing less, no occupancy dwelling, that cannot be considered a crime involving moral turpitude because the Florida statute which requires occupancy is. We would be filling in so many holes and plugging holes for the BIA and the immigration courts. That is all, Your Honors.
judges: Allyson K. Duncan, G. Steven Agee, Barbara Milano Keenan